UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**ORIGINAL**

PETER L. LEEPSON, P.C.,

Plaintiff,

-v-

No. 04 Civ. 3720 (LTS)(AJP)

THE ALLAN RILEY COMPANY, INC., RODUT ASSOCIATES (NY) L.P., KRR REALTY LLC, TSNY REALTY CORP., and APT. E. 57 CORP.,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/31/06

LAURA TAYLOR SWAIN, United States District Judge

MEMORANDUM OPINION AND ORDER

Plaintiff Peter L. Leepson, P.C. ("Plaintiff" or "Leepson") brings this breach of contract action against defendants The Allan Riley Company, Inc. ("Defendant" or "ARC"); Rodut Associates (NY) L.P. ("Rodut"), KRR Realty LLC ("KRR"), TSNY Realty Corp. ("TSNY"), and Apt. E. 57 Corp. ("57 Corp.") (collectively, the "Additional Defendants"). Plaintiff's Amended Complaint ("Complaint") asserts six causes of action against Defendants. Five claims are asserted against ARC only, which include (1) breach of contract, (2) account stated, (3) promissory estoppel, (4) implied contract, and (5) quantum meruit. (Compl. ¶¶ 16-41.) The Sixth Cause of Action is asserted against the Additional Defendants, and includes claims for breach of express and implied contract, promissory estoppel, quantum meruit, and unjust enrichment. (Id. ¶¶ 44-45.) Plaintiff seeks damages of at least $144,000.00, in addition to interest and costs. (Id. ¶ 46.) This Court has jurisdiction of the instant action pursuant to 28 U.S.C. § 1332. ARC now moves to dismiss the Complaint, pursuant to Federal Rule of Civil



Copies mailed to counsel of record
Chambers of Judge Swain

Procedure 12(b)(6), for failure to state a claim upon which relief may be granted, or in the alternative, seeks an order pursuant to Federal Rule of Civil Procedure 12(e) requiring Plaintiff to file a more definite statement. For the following reasons, Defendant's motion is denied in its entirety.[1]

## BACKGROUND

The underlying facts of this case as alleged in the Complaint are taken as true for purposes of Defendant's motion to dismiss. As explained below, the Court has also reviewed a copy of a retention letter that is quoted in the Complaint. Plaintiff entered into a contract with Defendant to act as legal counsel for various real estate transactions for Defendant and its affiliates, including the Additional Defendants, in accordance with the terms of an April 19, 2000 letter ("Retention Letter"). (Id. ¶ 9.) The Retention Letter details Leepson's flat fees and hourly billing rates, as well as the timeline for payment of those fees, for legal services in connection with the real estate transactions for which ARC had retained Leepson. (Id. ¶ 10.) "ARC did not object to, or otherwise dispute, the terms of that letter at any time." (Id.) Leepson performed services for ARC in connection with numerous transactions in accordance with the terms of the Retention Letter. (Id. ¶ 11.) Further, although the Retention Letter was for services performed in connection with the Additional Defendants, "[a]t all times, however, Leepson's retention relationship was with ARC." (Id. at 9.) The Retention Letter is signed by Leepson, but not by any representative of ARC. (See Retention Letter, Allan J. Riley Aff. Ex. B.)

---

1 To date, there is no indication on the Court's docket that any of the Additional Defendants have been served, and none of them has appeared in this action.

ARC President, Allan J. Riley ("Riley"), signed a letter dated July 10, 2003, on ARC letterhead "affirmatively stating that 'Leepson was retained by ARC to represent its interests in a variety of real estate transactions.'" (Compl. ¶ 12.) In that letter, ARC acknowledges that it "was billed by Leepson for its services, and that many of the transactions Leepson worked on for ARC involved 'ARC affiliate[s].'" (Id. (alteration in original).)

Leepson has rendered bills to ARC for the legal services Leepson claims were provided to ARC and the Additional Defendants at ARC's request. (Id. ¶ 13.) "At no time did ARC object to the substance of any of those bills." (Id.) Defendant, however, has not paid Leepson for its legal services, and Leepson claims to be owed $144,000.00 plus interest due to this failure. (Id. ¶¶ 14-15.)

## DISCUSSION

### Motion to Dismiss

In deciding ARC's Rule 12(b)(6) motion to dismiss the Complaint, the Court must take as true the facts alleged in the Complaint and draw all reasonable inferences in Leepson's favor. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). "The fundamental issue at the dismissal stage 'is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" Phelps v. Kapnolas, 308 F.3d 180, 184-85 (2d Cir. 2002) (quoting Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998)). Although "it may appear on the face of the pleading that a recovery is very remote and unlikely[,] . . . that is not the test." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),

abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). Rather, the Court must not dismiss the Complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

*Relevant Documents*

Defendant argues that the Court should, in deciding ARC's motion to dismiss, consider the following documents in addition to the Complaint: (1) the Retention Letter from Peter L. Leepson to Riley, (2) "legal bills issued by plaintiff to various entities," and (3) "evidence of payment of those [legal] bills." (Def.'s Reply Mem. at 4.) Plaintiff disagrees, arguing that ARC's materials are evidentiary in nature and were "improperly submitted." (Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss and/or for More Definite Statement ("Pl.'s Opp'n") at 4.)

In determining a motion to dismiss, the Court may consider, in addition to the complaint, "any written instrument attached to [the complaint] as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (citations omitted). The Court may also consider "matters of which judicial notice may be taken, or . . . documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (quoting Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993)). However, "a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." Id. Furthermore, "[l]imited quotation from or reference to documents that may constitute

relevant evidence in a case is not enough to incorporate those documents, wholesale, into the complaint." Sira, 380 F.3d at 67 (citation omitted).

The Court has considered the Retention Letter, which is quoted extensively in the Complaint, in determining the Defendant's motion to dismiss. (See Compl. ¶ 10.) The Court will not consider the proffered invoices and billing documents in deciding ARC's motion to dismiss because Leepson did not specifically identify these invoices as those for which it seeks payment, and there is no indication that Leepson relied on those documents in filing the Complaint.

*Breach of Contract*

Defendant's motion to dismiss the Complaint relies primarily on an affidavit by ARC's principal that denies the principal allegations of the complaint, and the aforementioned invoices, many of which are addressed to certain of the Additional Defendants. As explained above, however, the allegations of the complaint are taken as true for purposes of the analysis of a Rule 12(b)(6) motion to dismiss; evidentiary material outside the complaint is not appropriately considered at this stage of the proceedings.

In order to defeat a motion to dismiss a breach of contract claim, the following four elements must be alleged in the complaint: (1) the existence of a contract; (2) performance by one party; (3) breach of the contract by the other party; and (4) resulting damages. Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525 (2d Cir. 1994); Kaplan v. Aspen Knolls Corp., 290 F. Supp. 2d 335, 337 (E.D.N.Y. 2003). In addition, the breach of contract allegations in the complaint must include "the provisions of the contract upon which the claim is based." Valley Cadillac Corp. v. Dick, 661 N.Y.S.2d 105, 106 (N.Y. App. Div., 4th Dep't 1997) (quoting

Copeland v. Weyerhaeuser Co., 509 N.Y.S.2d 227, 228 (N.Y. App. Div., 4th Dep't 1986)). Thus, "at a minimum, the terms of the contract, each element of the alleged breach and the resultant damages," must be alleged. Kaplan, 290 F. Supp. 2d, at 337. Furthermore, although a plaintiff is required only to make a "short and plain statement" of a breach of contract claim pursuant to Federal Rule of Civil Procedure 8(a)(2), the Complaint must "give the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 507 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Notwithstanding ARC's affidavit denying that ARC was a party to the alleged contract, the Complaint is sufficient to state a breach of contract claim. Leepson alleges that an offer was made in the Retention Letter, and that ARC engaged in activities that constituted acceptance of this alleged offer and expressly acknowledged retaining Leepson as counsel to perform specific services. (See Compl. ¶¶ 10-12.) Leepson further alleges that "ARC contracted for Leepson's legal services pursuant to the terms of [the Retention Letter]," and that ARC promised to pay Leepson for the legal services provided. (Id. ¶¶ 17, 39.) Leepson's allegations are also sufficient to plead the requisite consideration. (See id. ¶ 9; see also Restatement (Second) of Contracts § 71(1)-(2) (1981).) Leepson also alleges performance (Compl. ¶ 18.), ARC's breach (id. ¶ 19); and that as a result of said breach, "Leepson has been damaged by ARC's actions." (Id. ¶ 20.)

In addition to denying that ARC was a party to a contract with Leepson, ARC argues that the complaint fails to state a claim as against it because the alleged contract is one for the payment of obligations of another (i.e., legal fee obligations of the Additional Defendants) and that the alleged contract fails to meet the requisites of the Statute of Frauds because ARC did

not sign the Retention Letter. (Def.'s Reply Mem., 5; see also N.Y. Gen. Oblig. Law § 5-701(a)(2) (McKinney 2001).) However, Leepson's Complaint alleges that ARC took direct responsibility for paying Leepson for the services that Leepson performed for ARC and for ARC's affiliates – the Additional Defendants, not that ARC promised to pay the debts of the Additional Defendants. (See, e.g. Compl. ¶¶ 9-10.) Under New York law, an oral promise made by one party to pay for benefits provided to a third party is not a promise to pay the debts of that third party and does not fall within the Statute of Frauds provision of the New York General Obligation Law. See Nakamura v. Fujii, 677 N.Y.S.2d 113, 115 (N.Y. App. Div. 1st Dep't 1998). Therefore, ARC's Statute of Frauds argument is insufficient to warrant dismissal of the Complaint.

*Account Stated*

Plaintiff's second cause of action is for an account stated, which is an "agreement, express or implied, . . . independent of the underlying agreement, as to the amount due on past transactions." 1 N.Y. Jur. 2d Accounts & Accounting § 10 (West 2006). Under a claim for an account stated, "[e]ven though there may be no express promise to pay, yet from the very fact of stating an account, a promise arises by operation of law as obligatory as if expressed in writing." Id. "[A]n account stated may be established between an attorney and his client." Kramer, Levin, Nessen, Kamin & Frankel v. Aronoff, 638 F. Supp. 714, 719 (S.D.N.Y. 1986).

In order properly to assert an account stated claim, a complaint must include allegations that: (1) an account was presented, (2) it was accepted as correct, and (3) debtor promised to pay the amount stated. Garcia v. Spanish Broad. Sys., Inc., No. 92 Civ. 7694(SS), 1993 WL 177936, at *3 (S.D.N.Y. May 17, 1993) (citation omitted). Acceptance as correct and

a promise to pay the amount stated is implied where a defendant receives and retains invoices without objection in a reasonable period of time. Ruskin, Moscou, Evans & Faltischek, P.C. v. FGH Realty Credit Corp., 644 N.Y.S.2d 206, 207 (N.Y. App. Div. 1st Dep't. 1996).

In the instant case, Leepson has properly alleged all three elements of an account stated claim. Leepson alleges that an account was presented to ARC for services rendered to ARC and its affiliates." (Compl. ¶ 22.) Leepson further alleges that "ARC received and retained these statements, and accepted these statements as correct, by virtu [sic] of, *inter alia*, express assent, by failing to question or object to these statements within a reasonable time after receipt, or by making partial payments thereon." (Id. ¶ 23.) Accordingly, ARC's motion to dismiss Leepson's claim for an account stated is denied.

*Promissory Estoppel*

Under New York law, a properly pled promissory estoppel claim must assert the following elements: "(1) a promise, (2) reliance on the promise, (3) injury caused by the reliance, and (4) an injustice if the promise is not enforced." Weinreb v. Hosp. for Joint Diseases Orthopaedic Inst., 404 F.3d 167, 172 (2d Cir. 2005) (quoting Schonholz v. Long Island Jewish Med. Ctr., 87 F.3d 72, 79 (2d Cir. 1996)). However, "a detailed showing of the elements of promissory estoppel need not be shown to survive a pre-answer motion to dismiss." Prospect St. Ventures I, LLC v. Eclipsys Solutions Corp., 804 N.Y.S.2d 301, 303 (N.Y. App. Div. 1st Dep't 2005) (citing Rogers v. Town of Islip, 646 N.Y.S.2d 158, 158 (N.Y. App. Div. 2d Dep't 1996)).

Leepson's Complaint includes allegations of all four elements of a promissory estoppel claim. First, Leepson alleges that "ARC's past actions, as well as its representations, agreements and/or promises that it would pay Leepson's fees for its services," constituted a

promise for payment of services rendered. (Compl. ¶ 26.) Second, Leepson alleges that it "in fact relied on those actions, representations, agreements, and/or promises and performed legal services for ARC for more than ten years," and such reliance was both reasonable and foreseeable. (Id. ¶¶ 27-28.) Third, Leepson was allegedly injured as a result of its reliance. (Id. ¶ 30.) Fourth, ARC has allegedly refused to pay for services rendered, and "is presently indebted to Leepson in an amount in excess of $144,000, plus interest." (Id. ¶¶ 14-15.) Accordingly, ARC's motion to dismiss Leepson's promissory estoppel claim is denied.

*Implied-in-Fact Contract*

Under New York Law, a "contract may be implied where inferences may be drawn from the facts and circumstances of the case and the intention of the parties as indicated by their conduct." Missigman v. USI Ne., Inc., 131 F. Supp. 2d 495, 512 (S.D.N.Y. 2001) (quoting Ellis v. Provident Life & Accident Ins. Co., 3 F. Supp. 2d 399, 409 (S.D.N.Y. 1998)). An implied-in-fact contract "still requires such elements as consideration, mutual assent, legal capacity and legal subject matter." Maas v. Cornell Univ., 721 N.E.2d 966, 970 (N.Y. 1999). Mutual assent may be inferred from the parties' intentional conduct. Id. "Thus, a promise may be implied when a court may justifiably infer that the promise would have been explicitly made, had attention been drawn to it." Id. (citing Genet v. President of Del. & Hudson Canal Co., 32 N.E. 1078, 1082 (N.Y. 1893)).

Reviewing the Complaint in its entirety and taking Plaintiff's allegations as true, it cannot be said that Plaintiff has not made out a cognizable claim for a breach of an implied-in-fact contract. Leepson alleges facts sufficient to support an inference of mutual assent and consideration, stating that Leepson "performed legal services for ARC in reliance upon its

promises, as demonstrated by ARC's express statements and course of performance, to pay Leepson's fees." (Compl. ¶ 32.) Leepson also alleges that "ARC accepted the benefits of Leepson's services for more than 10 years." (Id. ¶ 33.) Therefore, the motion to dismiss Plaintiff's implied-in-fact contract claim is denied.

*Quantum Meruit*

The four elements of quantum meruit claim are: (1) the plaintiff rendered services to the defendant, (2) the defendant accepted those services, (3) the plaintiff expected reasonable compensation for those services, and (4) the reasonable value of the services rendered. Missigman, 131 F. Supp. 2d at 513 (citation omitted). Similar to a claim of unjust enrichment, a cause of action sounding in the equitable remedy of quantum meruit is based upon the rule "that one party should not be allowed to enrich itself at the expense of another." Gruppo, Levey & Co. v. Icom Info. & Commc'ns, Inc., No. 01 Civ. 8922(JFK), 2003 WL 21511943, at *10 (S.D.N.Y. Jul. 1, 2003) (citation omitted). Leepson alleges that Leepson "rendered legal services to ARC" (Compl. ¶ 39), that ARC accepted those services (see, e.g. id. ¶ 33), that Leepson expected reasonable compensation for those services "in excess of $144,000." (Id. ¶¶ 39-41.)

Accordingly, the Complaint contains allegations sufficient to state a quantum meruit claim.

Motion for a More Definite Statement

Defendant also moves for a more definite statement, requesting that the Court direct Plaintiff to file a Complaint containing a more definite statement of the causes of action asserted against the Defendant. Specifically, ARC argues that the Complaint does not contain

"allegations about the services provided, bills rendered, parties for whom the services were actually performed or individual amounts due and unpaid." (Def.'s Mem., 8.)

Pursuant to the Federal Rules of Civil Procedure, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." Fed. R. Civ. P. 12(e). However, "'[a] motion pursuant to Rule 12(e) should not be granted 'unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" In re European Rail Pass Antitrust Litig., 166 F. Supp. 2d 836, 844 (S.D.N.Y. 2001) (quoting ESI, Inc. v. Coastal Corp., 61 F. Supp. 2d 35, 68 (S.D.N.Y. 1999) (alterations in original)). Accordingly, a motion for a more definite statement is only appropriate if the complaint does not provide a short and plain statement as required by Rule 8 of the Federal Rules of Civil Procedure. See Home & Nature Inc. v. Sherman Speciality Co., Inc., 322 F. Supp. 2d 260, 265 (E.D.N.Y. 2004) ("[A] Rule 12(e) motion should be denied if a complaint comports with the liberal pleading requirements of Rule 8(a)."). Further, motions for a more definite statement "are generally disfavored because of their dilatory effect. . . . 'The preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings.'" In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 2005 WL 1500893, at *2 (S.D.N.Y. June 24, 2005) (citations omitted).

Plaintiff's claims are neither unintelligible nor so vague and ambiguous as to prejudice the Defendant, as ARC was clearly able to respond to Leepson's Complaint with a detailed motion to dismiss. Therefore, Defendant's motion for a more definite statement is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Complaint and, in the alternative, for a more definite statement, is denied in its entirety.

SO ORDERED.

Dated: New York, New York
July 31, 2006

LAURA TAYLOR SWAIN
United States District Judge